Filed 8/26/13  P. v. Arteaga CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038236 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC815385) |
| v. | |
| LORENZO ARTEAGA, | |
| Defendant and Appellant. | |

Defendant Lorenzo Arteaga appeals from an order finding him incompetent to stand trial and committing him to the Department of Mental Health pursuant to Penal Code section 1370, subdivision (a)(2).[1]  On appeal, defendant contends the trial court erred by refusing to hold a hearing on his *Marsden* motion.  (*People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).)  We will reverse the commitment order and remand for a *Marsden* hearing.

## BACKGROUND

On August 19, 2008, the District Attorney filed a complaint alleging that defendant failed to register as a sex offender (§ 290.015, subd. (a)) and had 11 prior convictions that qualified as strikes (§§ 667, subds. (b)-(i), 1170.12).

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

Defendant was committed to Atascadero State Hospital (Atascadero) on June 10, 2009 after being found incompetent to stand trial.[2] (See § 1370.) On February 14, 2011, the medical director of Atascadero filed a report certifying that defendant's competency had been restored. (See § 1372.)

Criminal proceedings were reinstated on March 21, 2011. Defendant was granted the right to represent himself on March 23, 2011. (See *Faretta v. California* (1975) 422 U.S. 806.) Defendant continued to represent himself over the next several months.

On December 9, 2011, the trial court declared a doubt as to defendant's competency to stand trial and suspended criminal proceedings. (See § 1368.) On December 14, 2011, the trial court revoked defendant's pro per status and appointed the Public Defender's Office to represent him. After the appointment, Deputy Public Defender Mallory Street noted that defendant objected "to a doubt being declared," and she requested that two doctors be appointed to evaluate defendant. The trial court appointed Brent Hughey, Ph.D. for one of the evaluations.

Dr. Hughey filed his report on January 10, 2012. He had evaluated defendant for one hour, 30 minutes. Defendant initially made a "considerable effort to present himself in a favorable and 'normal' manner." However, his "mental health symptomatology" began to show; it included "increasing pressured speech, considerable rambling and tangential train of thought with frequent references to various legal matters or letters, . . . regardless of the topic or specific question being posed." Towards the end of the evaluation, defendant "began exhibiting paranoid delusional beliefs."

Dr. Hughey concluded that defendant had a "significantly impaired ability to rationally cooperate with counsel as a result of a decompensated mental state as a result of schizophrenia of the paranoid type." Dr. Hughey recommended that he be restarted on

---

[2] This court affirmed that commitment order in an unpublished opinion. (*People v. Arteaga* (Mar. 30, 2010, H034322) [nonpub. opn.].)

psychotropic medications, which defendant had stopped taking after his release from Atascadero.

On January 11, 2012, defendant filed a written *Marsden* motion. In the motion, he checked boxes listing a number of general grounds for the motion, such as trial counsel's failure to confer with him, failure to perform investigation, and failure to file motions on his behalf. He asserted that "[attorney] Mallory Street, P.D. and the entire [Santa Clara County] Public Defender's office has a serious and sustained conflict of interest in this case" and that there was an "on-going conspiracy" to delay the criminal proceedings and destroy evidence of his innocence. He indicated that he was represented by attorney Lori Silva Stuart in habeas proceedings, but that she was on maternity leave and "unavailable."

At a hearing on January 11, 2012, defendant was represented by Deputy Public Defender Jennifer Bedolla. Defendant stated, "There's a *Marsden* pending current." The trial court responded, "Yes. I understand that, but I also have a competing doctor's report from Dr. Hughey. And based on that report, I am going to decline to entertain any kind of *Marsden* motion because proceedings are suspended, and I am prepared to follow the recommendation of Dr. Hughey." Defendant pointed out that two doctors had been appointed, and attorney Bedolla made a formal request for a second evaluation. The trial court then appointed Steven Barron, Ph.D. for a second evaluation.

Dr. Barron issued a report on February 7, 2012. His report was based on "a review of available records" because defendant had declined to participate in an evaluation. The report reflected that defendant had been delusional upon his admission to Atascadero but that his condition improved with medication, which he was currently refusing to take. Dr. Barron concluded that defendant was "presently unable to understand the nature of the criminal proceedings and assist counsel in the conduct of a defense in a rational manner," and that involuntary psychiatric medications should be administered.

3

At a hearing on February 8, 2012, defendant was still represented by attorney Bedolla, but a different judge presided. Defendant referred to his "pending *Marsden* motion" and indicated that it pertained to attorney Stuart. Defendant also asserted that there was "no problem" with his competency. Attorney Bedolla informed the court that defendant was "in disagreement" with Dr. Barron's finding and requested that defendant be given another opportunity to participate in an interview with Dr. Barron. The trial court agreed to re-refer the matter to Dr. Barron. The court did not make any comments about the *Marsden* motion.

Dr. Barron issued a second report on February 27, 2012. He had attempted to evaluate defendant again, but defendant had again declined to participate. Dr. Barron again concluded that defendant was incompetent to stand trial.

At a hearing on April 2, 2012, defendant was represented by Deputy Public Defender Mairead O'Keefe. The parties submitted the competency determination on the doctors' reports, and the trial court found that defendant was incompetent to stand trial. By order filed on April 19, 2012, defendant was committed to the Department of Mental Health for a maximum of three years.

## DISCUSSION

Defendant contends the trial court erred by refusing to hold a hearing on his *Marsden* motion.

"When a defendant seeks new counsel on the basis that his appointed counsel is providing inadequate representation—i.e., makes what is commonly called a *Marsden* motion [citation]—the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an

4

irreconcilable conflict that ineffective representation is likely to result." (*People v. Smith* (2003) 30 Cal.4th 581, 604.)

A trial court must conduct a *Marsden* hearing even when the defendant's complaints about counsel arise during competency proceedings. (See *People v. Solorzano* (2005) 126 Cal.App.4th 1063, 1069-1070 (*Solorzano*); accord, *People v. Taylor* (2010) 48 Cal.4th 574, 600-601 (*Taylor*) [trial court erred when it "brushed aside" defendant's requests for substitution of counsel in the belief that the question of defendant's competence had to be resolved first]; *People v. Govea* (2009) 175 Cal.App.4th 57, 61 (*Govea*).) Thus, in this case, even though the criminal proceedings were suspended, the trial court should have addressed defendant's *Marsden* motion.

However, "*Marsden* does not establish a rule of per se reversible error. [Citation.]" (*People v. Washington* (1994) 27 Cal.App.4th 940, 944.) Reversal is not required if the record shows beyond a reasonable doubt that the defendant was not prejudiced by the trial court's failure to hold a *Marsden* hearing. (See *People v. Reed* (2010) 183 Cal.App.4th 1137, 1148 (*Reed*); see also *Marsden, supra,* 2 Cal.3d at p. 126; *Taylor, supra,* 48 Cal.4th at p. 601; *Solorzano, supra,* 126 Cal.App.4th at p. 1071.)

The trial court's failure to hold a *Marsden* hearing was prejudicial in *Solorzano,* where the defendant indicated he wanted a new attorney on the day of his competency hearing. The defendant complained that his attorney had not obtained certain records that would establish his incompetency. (*Solorzano, supra,* 126 Cal.App.4th at p. 1068.) The trial court refused to hold a *Marsden* hearing, and it found the defendant competent to stand trial. The defendant was then convicted and sentenced to state prison. (*Id.* at p. 1068.) On appeal, the *Solorzano* court explained that it could not determine whether the outcome of the competency proceeding might have been different had the defendant been given an opportunity to explain the basis for his claims about counsel. (*Id.* at p. 1071.) Since "[a] criminal trial of a defendant incompetent to stand trial violates due process," and it was possible that the competency trial could have had a different result if

5

the trial court had heard and granted the defendant's *Marsden* motion, the error was not harmless. (*Ibid.*)

Failure to hold a *Marsden* hearing was held to be harmless in both *Govea* and *Taylor.* In *Govea,* the defendant's attorney declared a doubt as to his competency. While criminal proceedings were suspended, the defendant requested a *Marsden* hearing, but the trial court refused to conduct such a hearing. (*Govea, supra,* 175 Cal.App.4th at p. 60.) After finding the defendant competent to stand trial, the trial court heard and denied the *Marsden* motion, but it ultimately appointed another attorney to represent the defendant at trial. (*Id.* at p. 61.) The appellate court held that while the trial court "should have conducted a *Marsden* hearing, notwithstanding the pending issue regarding defendant's competency," the error did not require reversal. (*Ibid.*) The error was harmless because the defendant eventually got a *Marsden* hearing, was found competent, and obtained a new attorney: "the trial court gave defendant everything he sought." (*Id.* at p. 62.)

In *Taylor,* the California Supreme Court followed *Govea* and found the failure to hold a *Marsden* hearing was harmless. There, the defendant requested another attorney after counsel declared a doubt as to his competency. The trial court initially refused to hold a *Marsden* hearing " '[b]ecause of the mental competence problem,' " but it ultimately held two *Marsden* hearings – one before finding defendant competent to stand trial, and one afterwards – and it granted the defendant's request for a new attorney before the criminal trial began. (*Taylor, supra,* 48 Cal.4th at p. 597.) Since, as in *Govea,* "the 'trial court gave defendant everything he sought,' " the error was harmless. (*Id.* at p. 601.)

In this case, defendant filed a *Marsden* motion while criminal proceedings were suspended and requested a *Marsden* hearing twice during the competency proceedings. The trial court did not hold a *Marsden* hearing before determining defendant's competency. Unlike in *Govea* and *Taylor*, the trial court here found defendant

incompetent, against his wishes. Although defendant was represented by different attorneys from the Public Defender's Office, defendant's motion had alleged that the "entire [Santa Clara County] Public Defender's office" had a conflict, and attorney O'Keefe submitted the competency determination on the psychologists' evaluations. On this record, we cannot say that defendant got "everything he sought" (*Govea, supra,* 175 Cal.App.4th at p. 62) and thus we cannot say that the trial court's failure to hold a *Marsden* hearing was harmless beyond a reasonable doubt. (See *Reed, supra,* 183 Cal.App.4th at p. 1148; *Marsden, supra,* 2 Cal.3d at p. 126; *Taylor, supra,* 48 Cal.4th at p. 601; *Solorzano, supra,* 126 Cal.App.4th at p. 1071.)

## DISPOSITION

The April 19, 2012 order committing defendant to the Department of Mental Health is reversed and the matter is remanded with directions to the trial court to conduct a *Marsden* hearing. If the court grants the *Marsden* motion, substitute counsel shall be appointed, and a new trial shall be held on the issue of defendant's competency. If the court denies the *Marsden* motion, it shall reinstate the order of commitment.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MÁRQUEZ, J.