Filed 6/14/24  P. v. Young CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NATHAN IVAN YOUNG,<br><br>    Defendant and Appellant. | G062008, G062017<br><br>(Super. Ct. Nos. 19HF1226, 18HF0581)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Scott A. Steiner, Julian W. Bailey, and Michael F. Murray, Judges.  Dismissed.  Motion to consolidate; granted.  *Benoit* motion; denied.  Request for judicial notice; granted.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

In two separate criminal cases, Nathan Ivan Young was twice found not mentally competent to stand trial and ordered committed to the Department of State Hospitals (DSH) under Penal Code section 1370.[1] Young appeals from the second set of commitment orders, arguing the court erred by failing to rule on his pending *Marsden*[2] motions and by miscalculating custody credits to be applied to his second commitment term. While the appeals were pending, the charges against Young were dismissed in the interest of justice.[3] Given these developments, we cannot grant Young any effective relief, and for that reason we dismiss the appeals as moot.

## FACTS

We begin by summarizing the two cases from which the appeals have been taken.

The first case, Orange County Superior Court case no. 18HF0581, was filed on April 23, 2018 (the 2018 case; appeal no. G062017). A 2022 felony information charged Young with identity theft with a prior conviction (§ 530.5, subd. (c)(2); counts 1, 3, 15, 17); identity theft (§ 530.5, subd. (a); counts 2, 4, 7, 9–10); second degree burglary (§§ 459–460, subd. (b); counts 5 & 13); false personation (§ 529, subd. (a)(3); count 6); conspiracy to commit the crime of unauthorized use of personal identifying information (§§ 182,

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3]    This court denied the People's motion to consolidate appeal nos. G062008 and G062017 (collectively, the appeals) for all purposes but deferred the issue of consolidation for purposes of oral argument and opinion. The parties waived oral argument. We now consolidate the appeals for purposes of issuing this opinion.

subd. (a)(1), 530.5; count 8); non-sufficient fund check (§ 476a, subd. (a); count 11); petty theft by false pretense (§§ 484, subd. (a), 485–488; count 12); possession of a forged instrument (§ 475, subd. (a); counts 14 & 16); and recording false and forged instruments (§ 115, subd. (a); counts 18–24).[4] The information further alleged enhancements and factors in aggravation for several of the counts.

The second case, Orange County Superior Court case no. 19HF1226, was filed on September 6, 2019 (the 2019 case; appeal no. G062008). A 2022 amended felony information charged Young with second degree burglary (§§ 459–460, subd. (b); count 1); identity theft (§ 530.5, subd. (a); count 2); issuing a fictitious instrument (§ 476; count 3); and identity theft with a prior conviction (§ 530.5, subd. (c)(2); count 4), and alleged factors in aggravation. These charged offenses allegedly occurred while Young was released on bail in the 2018 case.

Hearings for the 2018 case and the 2019 case (collectively, the underlying cases), along with other companion cases, were regularly scheduled for the same day or around the same timeframe.[5]

In the summer of 2020, appointed defense counsel David Medina raised doubt about Young's competence to stand trial in the underlying cases. At the hearing for the 2019 case, Medina also informed the court that Young

---

[4]     Counts 11 and 12 were charged as misdemeanors, and the remainder as felonies.

[5]     In fact, because the issues on appeal and the underlying facts are the same for the appeals, the Attorney General has requested that for the appeal in the 2019 case, we take judicial notice of the appellate record in the 2018 case. The request is granted. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

was making a *Marsden* request. The record does not reflect a similar request having been made at the hearing for the 2018 case. Without ruling on the *Marsden* request in the 2019 case, the court set a competency hearing in the underlying cases.

The following events occurred in both the underlying cases.

On September 10, 2020, Judge Julian W. Bailey found Young mentally incompetent to stand trial. The court later ordered Young to be placed with DSH. On October 18, 2021, the court found Young had been restored to competency and reinstated criminal proceedings.

On February 17, 2022, Young made a *Marsden* request to obtain new counsel. At the time, he was being represented by appointed counsel Ernest Eady. Eady was the sixth appointment in the 2018 case and the fifth in the 2019 case; all prior counsel had either immediately or eventually declared a conflict.

At the *Marsden* hearing, Eady declared a doubt as to Young's mental competence, and Judge Scott A. Steiner ordered criminal proceedings suspended. The court set a hearing to appoint doctors to evaluate Young; it concluded the hearing without ruling on the *Marsden* motions.

On July 8, 2022, after receiving the reports from the appointed doctors, Judge Bailey found Young mentally incompetent to stand trial. On November 3, Judge Michael F. Murray ordered Young to again be placed with DSH for treatment. Young was credited with 362 days for his first competency treatment, against the applicable two-year limit under section 1370. Young filed a timely notice of appeal of the November 3 order.

In the fall of 2023, the trial court ordered the public guardian to initiate conservatorship proceedings and later granted the petition appointing the public guardian as the conservator of Young's person.

4

In January 2024, the trial court granted Young's motion to dismiss the underlying cases, in the interest of justice pursuant to section 1385.

## DISCUSSION

I. *Jurisdiction to Consider the Appeal from the 2019 Case*

At the outset, we must resolve the parties' dispute about whether we have jurisdiction to review the commitment order in the 2019 case. The People contend we do not. They point to the notices of appeal included in the appellate record for the underlying cases: The same copy is included in both clerk's transcripts. That copy bears a trial court file-stamp date of November 16, 2022, is signed and dated by attorney Eady, and identifies the 2018 case – but not the 2019 – as the matter from which the appeal is taken. Acknowledging the apparent deficiency in the notice of appeal, Young's appellate counsel moved to file a belated notice of appeal for the 2019 case, under the doctrine of constructive filing. (*In re Benoit* (1973) 10 Cal.3d 72, 81–82 (*Benoit*).)

We deny the *Benoit* motion as unnecessary. As we will explain, we conclude Young's trial defense counsel properly filed two different notices of appeal for each of the underlying cases. The appellate docket for the 2019 case contains a copy of a *different* notice of appeal (the appellate version) from the one included the clerk's transcript. The appellate version was sent by the trial court clerk to the reviewing court clerk (Cal. Rules of Court, rule 8.304(c)(1), (3)) and is the document filed in the appellate docket for purposes of this court's initial review of jurisdiction. The appellate version, like the one included in the clerk's transcript, bears a trial court file-stamp date of November 16, 2022, and is signed and dated by attorney Eady. But the salient difference is that the appellate version correctly identifies the trial

5

court case number as the 2019 case: "19HF1226." While we do not know exactly how the wrong version of the notice of appeal wound up in the clerk's transcript for the 2019 case, we can safely conclude trial defense counsel prepared two different, correct notices of appeal and timely filed them with the trial court.

II.     *Mootness*

Given the dismissals of the underlying cases, Young concedes the case is moot because this court cannot offer him any relief. Yet Young asks us to reach the merits of his *Marsden* claim because the issue is likely to recur and could evade review. We decline to exercise our discretion here.

Generally, we will dismiss an appeal as moot when """without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him [or her] any effectual relief whatever.""" (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.) We nonetheless have the discretion to reach the merits of an appeal if it raises an important issue that is capable of repetition yet tends to evade review. (*People v. Cheek* (2001) 25 Cal.4th 894, 897–898.)

Here, we are not convinced Young's *Marsden* claim meets the standard for this exception. Young argues the trial court should have decided his *Marsden* motions before proceeding with the competency hearings. This issue has already been addressed numerous times. (See *People v. Taylor* (2010) 48 Cal.4th 574, 600, fn. omitted ["trial court erred when it brushed aside [defendant's] initial requests for substitution of counsel in the belief that the question of defendant's competence to stand trial first had to be resolved"]; see, e.g., *In re M.P.* (2013) 217 Cal.App.4th 441, 456; *People v. Govea* (2009) 175 Cal.App.4th 57, 61; *People v. Solorzano* (2005) 126

6

Cal.App.4th 1063, 1069–1070.) While the issue raised by Young is certainly an important one, it is not a novel issue on which trial courts need guidance.

## DISPOSITION

The People's motion to consolidate appeal no. G062008 and appeal no. G062017 is granted only for purposes of issuing this opinion. Young's *Benoit* motion is denied as unnecessary. The People's request for judicial notice is granted. The appeals are dismissed as moot.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.